**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| TURNER BROS. CRANE AND RIGGING, LLC | CIVIL ACTION |
| | NUMBER 06-88-JVP-DLD |
| VERSUS | |
| KINGBOARD CHEMICAL HOLDING LIMITED, ET AL | |

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff Turner Bros. Crane and Rigging, LLC's

Motion to Remand (rec. doc. 148) and Supplemental Motion to Remand Ex Parte (rec. doc.

155), and defendant Kingboard Chemical Holding Limited's Motion for Discovery Expenses

and Costs (rec. doc. 192).   The motions are opposed.

*Background*

This matter was filed in Louisiana state court and removed by defendant Pioneer

Maintenance and Erectors, Inc. (Pioneer), to federal court on diversity subject matter

jurisdiction pursuant to 28 U.S.C. §1332.  Pioneer stated in its Notice of Removal that it

was a corporation whose state of incorporation and principal place of business was New

Jersey.[1]  With regard to plaintiff's citizenship, Pioneer stated as follows:

> Plaintiff's allegations of citizenship are quite confusing...the Petition is
> ambiguous because Turner refers to itself as both an LLC and a foreign
> corporation.   Undersigned counsel's research has revealed two potential
> business entities who may be appearing as Plaintiff in this suit: Turner Bros.
> Crane and Rigging, Inc. and Turner Bros Crane and Rigging, LLC of
> Delaware.[2]

---

[1]*Notice of Removal*, (rec. doc. 1), p. 5.

[2]*Notice of Removal*, (rec. doc. 1), p. 3.

Defendant Pioneer continued to elaborate on the citizenship of both potential plaintiffs, stating that Turner Bros. Crane and Rigging, Inc. (Turner, Inc.) was incorporated and had its principal place of business in Oklahoma, but that the citizenship of the members of Turner Bros. Crane and Rigging, LLC (TBCR) was "unclear."[3] In subsequent pleadings, Turner Brothers referred to itself as an "LLC."[4]

The issue of the citizenship of the parties was raised by the court,[5] and TBCR was ordered to give its citizenship particulars as required by *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).[6] TBCR filed a Statement of Citizenship (rec. doc. 119) in response, in which TBCR represented that it had several members, among them Saw Mill Capital Fund IV, LLC, (Saw Mill). Saw Mill in turn had several members, among them SMC Partners, LLC, (SMC), which was a composed of a group of investors, both individuals and business entities. One of the individual investors in SMC was domiciled in New Jersey, of which defendant Pioneer is a citizen. Attached to the Statement of Citizenship was the "Declaration of William M. Gerstner," in which Mr. Gerstner represented that he was a principal of Saw Mill and had reviewed the business documents of TBCR. In his declaration Mr. Gerstner reiterated that TCBR was a limited liability company, and that one of its members, through a series of interrelated companies, was a citizen of New Jersey,

---

[3]*Notice of Removal*, (rec. doc. 1), p. 4.

[4]See, for example, *Amended Complaints* (rec. docs. 3 & 5); *Notice of Voluntary Dismissal of Defendant RWM Properties, LLC* (rec. doc. 7).

[5]*Order* (rec. doc. 101).

[6]*Order* (rec. doc. 118).

and therefore non-diverse.   Mr Gerstner also declared that "[T]he names of the members of this special purpose entity are strictly confidential."[7]

Following this Statement of Citizenship, the court issued an Order for the parties to show cause why the matter should not be remanded to state court for lack of diversity subject matter jurisdiction.[8]   In response to this Order, defendant Kingboard filed several discovery requests seeking to gather information, both about the business structure of TBCR and the alleged non-diverse investor and member.  The court granted some limited discovery relevant to the business relationships between the companies, and also ruled that the plaintiff could file some of its business records under seal due to the existence of a confidentiality clause in Saw Mill's company agreement.  The motion to remand and the supplemental ex parte motion to remand followed.

After the motion to remand was filed, and business documents relevant to TBCR and an affidavit by the non-diverse investor were filed, Kingboard agreed that the citizenship of the investor was indeed New Jersey, and that the issue of her domicile needed no further development.   However, Kingboard disagreed that the business documents submitted and the affidavit of William Gerstner adequately established that the New Jersey investor was a member of TBCR.  The court agreed that the issue of the business structure of TBCR needed to be clarified.  In an effort to finally conclude the issue, the court ordered TBCR to submit all documents relevant to the chain of membership of the New Jersey citizen in TBCR, as well as to produce Mr. William Gerstner for deposition on the issue.[9]

---

[7]*Declaration of William M. Gerstner*, Attachment to Statement of Citizenship (rec. doc. 119).

[8]*Order* (rec. doc. 120).

[9]*Order* (rec. doc. 183).

The court also ordered Kingboard, after review of the documents and conclusion of the deposition, to respond to the motion to remand, and to "either acknowledge that the New Jersey citizen is a member of TBCR or deny same, with specific reasons."[10] Kingboard filed its opposition, and a separate motion for attorney expenses and costs, both of which have been replied to and opposed, and are therefore ready for decision.

### *Applicable Law and Discussion*

An action may be removed from state court to federal court if the case is one over which the federal court possesses subject matter jurisdiction. *28 U.S.C. §1441(a).* However, the court "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of showing that removal was proper. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997). Furthermore, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). When subject matter jurisdiction is challenged, a court has authority to resolve factual disputes, and may devise a method to for making a determination as to jurisdiction, "which may include considering affidavits, allowing further discovery, hearing oral testimony, [or] conducting an evidentiary hearing. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169 (5th Cir. 1994)(internal citations omitted).

---

[10]*Order* (rec. doc. 183).

In its motion to remand, TBCR argues that the parties are non-diverse, as an individual investor in TBCR, through several tiers of membership, is a citizen of New Jersey, which citizenship defendant Pioneer shares.  The parties agree at this point in the litigation, as does the court, that the individual investor is a citizen of New Jersey. However, in opposition to the motion to remand, Kingboard persists in its argument that there is insufficient evidence that the New Jersey investor is a member, through several intervening members, of TBCR.  Alternatively, Kingboard argues that her citizenship, as a very remote investor in TBCR, should be ignored.  Finally, Kingboard argues that the parties should be realigned, with  Pioneer as a plaintiff, so that the New Jersey individual becomes irrelevant to the diversity analysis.  Kingboard also asks for "reasonable attorneys' fees and costs incurred during jurisdictional discovery in this case, *exclusively* of such expense incurred in connection with its initial discovery requests, the review of TBCR's most recent production, and the subsequent deposition of Mr. Gerstner...."[11]

In opposition, TBCR argues that the burden is on Kingboard to establish that the parties are of diverse citizenship, and it has not satisfied this burden.  More specifically, TBCR argues that it has established, through the affidavits of William Gerstner, the document production, and the deposition of Gerstner, that the New Jersey investor is a member, through intervening members, of TBCR.  TBCR also argues that the investor's membership in TBCR, under prevailing jurisprudence, must be included in the court's diversity jurisdiction analysis, no matter how remote a member she may be.  TBCR also

---

[11]*Consolidated Memorandum of Defendant Kingboard Chemical Holding Limited (1) in Opposition to Plaintiff's Motion to Remand, and (2) in Support of Kingboard's Motion for Discovery Expenses and Costs* (rec. doc. 193), p. 25.

argues that the parties should not be realigned, because while they may be aligned on a particular issue, the application of the Louisiana Private Works Act, La. Rev. Stat. §9:4801 *et seq* (LPWA), they are in fact adverse.  TBCR has sued Pioneer for sums of money owed it, and Pioneer has contested that assertion. Finally, TBCR has asked the court to award it "attorney fees and costs in the amount incurred by Turner Bros. in needlessly dealing with this issue from the point of filing its Statement of Citizenship."[12]

*I.  Has Kingboard satisfied it's burden that the parties are of diverse citizenship, or, is the New Jersey investor a member of TBCR?*

The court ordered Kingboard, after completing the deposition of William Gerstner concerning the business structure of TBCR, to "either acknowledge that the New Jersey citizen is a member of TBCR or deny same, with specific reasons."[13]  Kingboard, instead of affirmatively doing either, persists in its argument that it has not received adequate documentation to prove the membership structure in TBCR, particularly, Kingboard has not received documentation showing how Saw Mill Capital Fund VI, LLC, to which the New Jersey individual is indisputably linked, obtained its alleged interest in Turner Bros. Holdings, LLC., the sole member of TBCR.[14]

In his affidavit and supplemental affidavit, William M. Gerstner swore *inter alia*, that the sole member of TBCR is Turner Bros, LLC; the sole member of Turner Bros., LLC is

---

[12]*Reply Memorandum in Support of Motion to Remand and Request for Attorneys' Fees and Costs* (rec. doc. 200), p. 21.

[13]*Order* (rec. doc. 183).

[14]*Consolidated Memorandum of Defendant Kingboard Chemical Holding Limited (1) in Opposition to Plaintiff's Motion to Remand, and (2) in Support of Kingboard's Motion for Discovery Expenses and Costs* (rec. doc. 193), p. 12.

Turner Brothers Holdings, LLC; the members of Turner Brothers Holdings, LLC are, *interalia*, Saw Mill Capital Fund IV, LLC; one of the members of Saw Mill Capital Fund, IV, LLC is SMC Partners, IV, LLC; and, one of the members of SMC Partners, IV, LLC is the non-diverse New Jersey individual.[15]   Furthermore, Gerstner testified in deposition that Sawmill Capital Fund, IV, purchased an interest in Turner Bros. Holdings, LLC, that the transaction was handled by the law firm of Kirkland and Ellis, and that the documents evidencing those September 25, 2002, closing transactions were produced in full to Kingboard.[16]   In response to Kingboard's arguments regarding insufficient documentation, plaintiff specifically points to where those "missing" documents were produced.[17]

At this point in the litigation, the court is satisfied that the New Jersey investor is a member, albeit indirectly, of TBCR.   There is no obvious missing link in the chain of membership, and TBCR has introduced uncontroverted evidence in the form of two affidavits, deposition testimony of William Gertsner, and supporting documentation that the New Jersey citizen is a member of TCBR.

*2. Should the New Jersey investor's citizenship be considered for purposes of diversity jurisdiction?*

In opposition to its motion to remand, Kingboard argues that the membership of the New Jersey investor, approximately five entities removed from TBCR, should not be

---

[15]See Exhibit 1 (sealed document), "Affidavit of William M. Gerstner," *Motion to Remand* (rec. doc. 148); Exhibit 2 (sealed document), "Supplemental Affidavit of William M. Gerstner," *Reply Memorandum in Support of Motion to Remand*, (rec. doc. 179).

[16]See Exhibit B, "Videotaped Deposition of William Gerstner," pgs. 73 - 76, *Consolidated Memorandum of Defendant Kingboard Chemical Holding Limited (1) In Opposition to Plaintiff's Motion to Remand, and (2) In Support of Kingboard's Motion for Discovery Expenses and Costs (rec. doc. 193).*

[17]*Reply Memorandum in Support of Motion to Remand and Request for Attorney's Fees and Costs* (rec. doc. 200), p. 9, 10.

considered for diversity jurisdiction purposes.  Kingboard likens limited liability companies, with members this far removed, to a business trust or Lloyds of London syndicates, where the citizenship of shareholders lacking powers to hold, manage of dispose of assets, or non-party names, is disregarded for diversity purposes.[18]

In opposition, TBCR argues that Kingboard has cited the court to "**bad law**," and that instead *Cosgrove v. Bartalotto*, 150 F.3d 729, 731 (7th Cir. 1998), is controlling.[19]

This sentence perhaps sums up best the problem the court has encountered with both of these parties and their assumptive litigation style.  Kingboard has not cited "bad law" at all, and neither is *Cosgrove*, a Sixth Circuit case, controlling on this court.  In fact, neither the Supreme Court nor the Fifth Circuit has ruled specifically on the issue of how the citizenship of limited liability companies should be determined.[20]  While the Supreme Court in *Carden v. Arkoma* Associates, 494 U.S. 185,110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), held that diversity of citizenship when a limited partnership is a party is determined by the citizenship of all of the partners, both limited and general, it did not address the issue of determining the citizenship of multi-tiered partnerships or other incorporated associations, which is the issue in this case.[21]  However, several courts have noted that

---

[18]*Consolidated Memorandum of Defendant Kingboard Chemical Holding Limited (1) in Opposition to Plaintiff's Motion to Remand, and (2) in Support of Kingboard's Motion for Discovery Expenses and Costs* (rec. doc. 193), p. 16-17, citing *Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458, 460-61 (1980); *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994); *Corfield v. Dallas Glen Hills, L.P. (5th Cir. 2003).*

[19]*Reply Memorandum in Support of Motion to Remand and Request for Attorneys' Fees and Costs* (rec. doc. 200), p. 13.

[20]See *Unity Communications Inc. v. Unity Communications of Colorado, LLC*, 2004 WL 1576550 (5th Cir. 2004); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 586, FN1, 124 S.Ct. 1920, 1932, FN1, 158 L.Ed.2d 866 (2004); *Blanchard v. Wal-Mart Stores, Texas, LP,* 368 F.Supp.2d 621 (E.D.Tex. 2005); *Doussan Properties, LLC v. Union Indus. Gas & Supply, Inc.*, 2007 WL 2177691 (E.D.La.2007).

[21]*Carden v. Arkoma Associates*, 110 S.Ct. 1015 (1990); *Bozman v. Shreveport Doctor's Hospital 2003, Ltd.,* 2006 WL 2524161 (W.D.La).

"'every circuit that has addressed the question treats [LLC's] like partnerships for the purposes of diversity jurisdiction.'"[22] Furthermore, the lower courts have held that "when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do can result in dismissal for want of jurisdiction."[23]

The issue of how courts should determine the citizenship of limited liability companies is a "hot topic," and the cause of many labyrinthine excursions by both parties and courts due to the complex membership structures of multi-tiered unincorporated associations. As noted by the court in *Bozman v. Shreveport Doctor's Hospital 2003, Ltd.*, 2006 WL 2524161 (W.D.La.):

> Tracing the layers of citizenship is often complex in multi-tiered entities, but the difficulty of the task has not persuaded the courts to afford different treatment to multi-tiered entities, even when some of the lower-tiered entities have thousands of limited partners who acquire their interest through public trading.
> *Bozman*, referencing *Masion v. Liberty Mutual Ins. Co.*, 2006 WL 1675378 (W.D.La.2006)(collecting cases).

Therefore, the jurisprudence, while not binding on this court, suggests that the citizenship of the New Jersey member also must be considered as TBCR's citizenship for

---

[22]*Doussan Properties, LLC v. Union Indus. Gas & Supply, Inc.*, 2007 WL 2177691 (E.D.La.), citing *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894 (9th Cir. 2006)(citing *General Technology Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dept Stores, Inc.*, 357 F.3d 827, 828-39 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcase SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11st Cir. 2004); *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51 (2nd Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

[23]*Bozman v. Shreveport Doctor's Hosp.,* 2006 WL 2524161 (W.D.La.), citing *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616 (7th Cir. 2002) and *Hicklin Engineering, LLC v. Bartell*, 439 F.3d 346 (7th Cir. 2006).

purposes of diversity jurisdiction, and therefore the court finds that TBCR is a citizen of, *inter alia*, New Jersey.[24]

*3.  Should be parties be realigned so that Pioneer Maintenance and Erectors is a party plaintiff, and the New Jersey citizenship of TBCR becomes irrelevant?*

Kingboard argues that Pioneer should be realigned as a party plaintiff with TBCR, because they are united on the "ultimate or primary issue in controversy," which, according to Kingboard, is whether liability may be imposed upon Kingboard under the Louisiana Private Works Act, La. Rev. Stat. §9:4801 *et seq* (LPWA).  Kingboard argues that its liability under the LPWA is the "penultimate issue, [because] TBCR and Pioneer (along with Bronco) are firmly united *against* Kingboard, as their respective oppositions to Kingboard's pending Motion for Summary Judgment [Doc. No. 53] illustrate."[25]    Kingboard further argues that TBCR offered to allow Kingboard to pay the amount TBCR claims is owed by Kingboard to TBCR, to either TBCR or Pioneer to resolve their claims, and that "Pioneer *and* Turner Brothers [were] agreeable to this arrangement."[26]  Kingboard cites *Merco Mfg., Inc. v. J.P. McMichael Const. Co.,* 372 F.Supp. 967 (W.D.La. 1974),  where the court realigned two subcontractors as plaintiffs against the defendant general contractor, because the primary issue was whether the subcontractor Merco had a right of action

---

[24]See *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 579, 124 S.Ct. 1920, 1928-29 (2004): "It is true that the court 'looks to' the citizenship of the several persons composing the entity, but it does so for the purpose of determining the citizenship of the entity that is a party, not to determine which citizens who compose the entity are to be treated as parties."

[25]*Consolidated Memorandum of Defendant Kingboard Chemical Holding Limited (1) in Opposition to Plaintiff's Motion to Remand, and (2) in Support of Kingboard's Motion for Discovery Expenses and Costs* (rec. doc. 193), p. 22.

[26]*Consolidated Memorandum of Defendant Kingboard Chemical Holding Limited (1) in Opposition to Plaintiff's Motion to Remand, and (2) in Support of Kingboard's Motion for Discovery Expenses and Costs* (rec. doc. 193), p. 22, 23, and Exhibit D, January 11, 2007 email from Mr. Bonaventure to undersigned counsel.

against the general contractor, McMichael, and on this issue the two subcontractors were aligned.

In this case, while TCBR and Pioneer, as well as Bronco, all want Kingboard subject to the LPWA, that is where the common interests end.  As TCBR points out in opposition, Pioneer owes TCBR money, and there is a very real dispute between TCBR and Pioneer about the monies owed, whereas in *Merco,* a default judgment had already been taken against the realigned subcontractor, and so there was no real issue in dispute between the realigned subcontractor and *Merco*.  The court agrees with TCBR that Kingboard has misinterpreted the law, and its argument that when opposing parties make similar legal arguments, they are united on the ultimate issue, is erroneous.  In any case, the primary issue in this litigation is not whether Kingboard is liable under the LPWA, but whether and how much monies are owed by the parties to each other, on which TCBR and Pioneer are not aligned.

*4.  Should attorney fees, costs, and expenses be awarded to either party?*

Both parties have asked for attorney fees, costs and expenses.  Kingboard asks for same "incurred during jurisdictional discovery in this case, *exclusively* of such expense incurred in connection with its initial discovery requests, the review of TBCR's most recent production, and the subsequent deposition of Mr. Gerstner...."[27] Essentially, Kingboard argues that TCBR multiplied the litigation costs by providing inaccurate, incomplete, and misleading information.

TBCR also ask the court to impose attorneys fees and costs from the point of filing its Statement of Citizenship (rec. doc. 119), arguing that discovery should not have

---

[27]*Consolidated Memorandum of Defendant Kingboard Chemical Holding Limited (1) in Opposition to Plaintiff's Motion to Remand, and (2) in Support of Kingboard's Motion for Discovery Expenses and Costs* (rec. doc. 193), p. 25.

occurred, or at least have been as extensive as it was, and that Kingboard took TBCR and the court on a "fishing expedition" and "made a mountain out of mole hills."[28]  TBCR asks that the court, pursuant to 28 U.S.C. § 1447(c), require payment of just costs, expenses, and attorney fees for wrongful removal, arguing that "[u]nder this statute and the facts stated above, Kingboard has never had a valid basis to contest jurisdiction."[29]  TBCR concludes by arguing that "[t]o force Turner Bros. to incur the attorney fees fighting over meritless, non-substantive issues would be a miscarriage of justice."[30]

The plaintiff's complaint that this jurisdictional inquiry was unfounded is incorrect. As the current state of the law exists, a court must trace the citizenship of the member of unincorporated associations through many layers, and failure to accurately do so can result in dismissal for lack of subject matter jurisdiction.[31]  While the plaintiff complains bitterly of the trouble and expense of the "fishing expedition for evidence to meet its burden" which the court allowed Kingboard to pursue, it fails to consider the problems it engendered by erroneously representing its citizenship as a corporation with diverse citizenship in its original petition.   While TBCR is correct when it states that it does not have the burden of proof on removal, it nevertheless has an obligation to provide accurate information when it does make statements about its own business structure in its petition.  To make matters worse, almost a year after removal, and only upon *sua sponte* inquiry by the court, TBCR

---

[28]*Reply Memorandum in Support of Motion to Remand and Request for Attorneys' Fees and Costs* (rec. doc. 200), p. 18.

[29]*Reply Memorandum in Support of Motion to Remand and Request for Attorneys' Fees and Costs* (rec. doc. 200), p. 21.

[30]*Reply Memorandum in Support of Motion to Remand and Request for Attorneys' Fees and Costs* (rec. doc. 200), p. 21.

[31]*Bozman v. Shreveport Doctor's Hosp.*, 2006 WL 2524161 (W.D.La.), referencing *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616 (7th Cir. 2002) and *Hicklin Engineering, LLC v. Bartell*, 439 F.3d 346 (7th Cir. 2006)(court "needs to know each member's citizenship, and if necessary each member's members' citizenships.")

filed a Statement of Citizenship (rec. doc. 119), supported solely by William Gerstner's declaration that a "mystery member" of TBCR, through several layers of business entities, was of New Jersey citizenship.  Then, when supposedly supporting documents were finally produced, they were not complete, and showed TBCR's sole members as two Oklahoma corporations, just as TBCR initially and incorrectly represented.[32]   These contradictions eventually were clarified, but not without much effort on everyone's part.  That Kingboard was wary of TBCR's representations after repeatedly incorrect, incomplete, or contradictory statements were made is hardly surprising.  Most, if not all,  of this inquiry could have been avoided had the citizenship of TBCR been pled correctly from the beginning, or when queried by the court, been supported with proper affidavits and complete documentation.

TBCR is not entitled to any attorney fees or costs in this matter, as the removal was not improper, due to TBCR's erroneous representations as to its citizenship in its state court petition.  Likewise, the court will not assess attorney's fees and expenses against TBCR.  TCBR, while remiss in asserting and establishing its citizenship correctly, did not unreasonably resist discovery, and did not  multiply the proceedings for unreasonable and vexatious reasons as Kingboard suggests.  Rather, TBCR was ignorant from the outset of the litigation about its own business structure.  It obviously was not intentionally attempting to deceive in its state court petition, because the revelation of the New Jersey member would have worked to TBCR's favor by making the case unremovable.  It's business structure, insofar as the merits of the state petition were concerned, was simply not particularly relevant at that point.  When TBCR finally announced with certainty a different

---

[32]Exhibit B (rec. doc. 157), to *Motion to Remand* (rec. doc. 148), "Turner Bros. Crane and Rigging, LLC Limited Liability Company Agreement," p. 28 and Schedule A.

business structure after finding itself in federal court,  it was confused about what information and documentation were necessary –  beyond its own conclusions –  to satisfy Kingboard and the court, and became offended when neither Kingboard  nor the court wholeheartedly shared TBCR's newfound certainty about its business structure.

Ultimately TBCR was correct as to its citizenship, but given its earlier errors, further inquiry into its representations was not unwarranted.  While this production of backup documentation was undoubtedly expensive and burdensome for everyone concerned, contrary to TBCR's statement, jurisdictional inquiries are not "meritless, non-substantive issues."  Before deciding that jurisdictional inquiries, no matter how tedious, are a waste of time and resources, the court suggests that counsel read *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004), where the Supreme Court remanded a case to state court for lack of jurisdiction due to a non-diverse, undisclosed partner –  after over five years of litigation and a jury verdict.

Given the history of the litigation, the court will recommend that the motion for discovery expenses and costs be denied, and no attorney fees, costs, or expenses be awarded to either party.

### *Conclusion and Recommendation*

For the reasons stated above,

**IT IS THE RECOMMENDATION** of the court that the plaintiff Turner Bros. Crane and Rigging, LLC's Motion to Remand (rec. doc. 148), and Supplemental Motion to Remand Ex Parte (rec. doc. 155) be **GRANTED** and this matter be **REMANDED** to the 18th

Judicial District Court for the Parish of Iberville, State of Louisiana, for lack of jurisdiction over the subject matter, and

**IT IS THE FURTHER RECOMMENDATION** of the court that neither party be awarded any costs, expenses, or attorney's fees, and that the defendant Kingboard Chemical Holding Limited's Motion for Discovery Expenses and Costs (rec. doc. 192) be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 21, 2007.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TURNER BROS. CRANE AND
RIGGING, LLC**

**CIVIL ACTION**

**NUMBER 06-88-JVP-DLD**

**VERSUS**

**KINGBOARD CHEMICAL HOLDING
LIMITED, ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 21, 2007.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**